The next case is Beacon Point Associates v. The Department of Veterans Affairs, number 24-1076. Mr. Hyland, when you're ready. And good morning and may it please the court. My name is Tim Hyland. I represent Beacon Point Associates. The issue here sort of crystallized to its essence is a fairly narrow one. It's whether the contract here incorporated or included extrinsic matter. And that is specifically whether the terms of Beacon Point's quotation were included or incorporated into the government contract. We would submit that the Board of Contract Appeals erred in holding that they were not as a matter of law. That's based on the two-part test that this court has enunciated in first in Northrop and then again in the CSI Aviation case a couple years back. And that test is again very clean, very easy. It's first the extrinsic material has to be expressly incorporated or precisely identified, number one. That's not an issue here. Clearly it was precisely identified. No one's claimed it wasn't. It was done by a very long string of numbers and what have you. Part two is what's at issue here and that is the purpose to make it part of the contract must be clear. We would submit that the purpose to incorporate it and to make it part of the contract was in fact clear and that the board erred in holding otherwise. So do I remember quickly that the board found otherwise partly because there is an inconsistency between the terms in the quote and the terms in the contract and also because there's a FAR provision that says that a quotation is not an offer and it can't be accepted by the government? I mean I think those are the two kind of underlying reasons that we're focused on. It's a little hard to tell from the board's ruling but I mean I can respond to both of those items. Firstly the fact that there would be ultimately conflicting terms is I would suggest a bit of a red herring. Contracts oftentimes, I shouldn't say oftentimes, it is not uncommon for contracts to have terms that that might conflict with one another and might even collide with one another and the chore of the court then is to determine using the canons of and what have you how to make all of those things work together. As to the 13.004 issue, we would suggest that that's a little bit also of a red herring. Here's why. 13.004 says a quotation is not an offer and merely the government saying we're going to go with it isn't just isn't an acceptance of that. True enough but there's two points in this case and these are the two points that underscore the incorporation issue also here that undermine that. First, box 29 on the order form, the standard form 14.49 oddly conflicts at least on its face with the FAR section. It refers to the quote and by number and date as an offer and it says it's accepted as to items what have you. So that is an ambiguity at best and would seem to suggest that the government doesn't want 13.004 to apply. But more to the point and this is what the oddity of this case and why we believe this case is different. Recall from the record if you will that originally the government sent the standard form 14.49. It had errors in it. It had some oddities to it and it was sent to Beacon Point and then on July 14, 2020, so mid-July Beacon Point sends it back or emails back to the VA. Instead I've attached the quote with the terms and conditions. This needs to be part of the contract. You can see that at appendix 172. About three weeks later, two and a half weeks later, VA emails back to Beacon Point. That's at 174 to 176 and it says here you go. What was attached to the email? The standard form 14.49, an award letter of some sort. It's a one page thing and oddly enough they sent back the quote. The VA attached the quote with the standard form 14.49. Can I ask you just to make sure I understand? I mean I'm only going to get to this evidence that you're talking about now if I agree that box 29 is ambiguous, right? It has its warts. I just want to make sure I understand. I mean it's ambiguous in that there's a blank there for items although there's no items to describe here because it was a singular system. It does say the award of contract, your offer on solicitation and then gives the solicitation including any additions or changes which is accepted. It is ambiguous if you look at it broadly but we do apply the candidates of construction and we'll apply those candidates of construction. We'll say no language that's put into a contract is intended to be surplusage or useless. That's sort of the usual candidate of construction and the interpretation of that provision given by the board here renders it as if it doesn't exist. That the government never put that there, the 529-2020 and the VA Atlantic language. They completely disregard it and say it's just surplusage and you can't interpret it as surplusage so it has to mean something and if it's to mean something we would suggest it means, at least plausibly, it means the intent to incorporate but again we have something better and that is when the government sent back the corrected standard form 1449 it didn't just send back the corrected 1449 with that language in box 29. It sent back the quote and what else could have been intended by that particularly because it was in response to an email two and a half weeks prior that said the quote this needs to be part of the contract. So if we look to the formation process, the contract formation process, incidentally the government talks about refers to that August 3rd email the one that included all of the different the quote and the standard form 1449 quote as a counteroffer. That's what they referred to it as in their motion to dismiss before the board. If we ride that horse that would be consistent with 13.004 in a sense that the government's sending to you as an offer but what were the terms of the offer? The terms of the offer with 1449 and the quote that's what was sent in the email. They weren't physically attached to one another, they were three different attachments but that was what the government sent back in response to a request that it be part of the contract. It's hard to imagine why that would be done for any reason other than an intention to incorporate by even by the government at the time. That coupled with the again somewhat ambiguous language of box 29 we would suggest fulfills the requirement of the second prong we'll call it of the CSI Northrop test. The purpose of that quote as I just mentioned is really documented in the contract formation process and CSI in particular councils we don't need magic words of incorporation. We don't need it to say this is hereby incorporated by reference and all that sort of thing. Oftentimes merely attaching it or other language or actions that would suggest or not just suggest but that would make clear that there was an intent to incorporate or sufficient. Can I just ask you this I'm looking at the solicitation which I think is at pages 105 through about 144 of the appendix. This is the solicitation they sent out and then they ultimately accepted your company's bid. Did this solicitation say in it that this was for a base year plus two option years and that the option years didn't have to be exercised? Not in so many words it did incorporate 57 the standard FAR clause that that talks about option years. So the base this solicitation I don't want to get out of a dispute over this. I think it's pretty clear that they were doing their normal thing of we're offering you a base year plus two option years that we don't have to exercise. Which they have to do under and so when you said oh no we want our quote accepted which you think means you added the terms that they had to be exercised wouldn't they have listed in box 29 specifically that the option years were to be exercised if that's what they meant? Well it wouldn't have fit in box 29 but they could have added a page C attached. Your point is taken. They didn't add anything to the solicitation they just accepted your offer which was for prices for the base plus option years right? Well they say they didn't accept our offer they said it was their offer. But it is their offer. It is their offer and their offer. And they didn't accept a counter offer is that? I'm just trying to figure out. Can we look at am I correct that this is what ultimately became the contract is that 101 through 144 and maybe 145 which has a price cost figure? Well we would suggest actually and then you would also add in 168 through 171 as well but I've just turned to those particular pages but that. Because that's your quote. Correct. That they included this by but I don't see anything in it says they incorporated the quote in its entirety by reference. There's no language that says that. No. Okay not at all. Where is your rebuttal? We've had a lot we've had some questions but do you want to say the rest of it? I'll say the rest of it. Thank you. Mr. Kushner did I say that right? You did. Thank you. Am I right about what the contract is? It's the solicitation that's in the appendix like 10 whatever to 101 through 140 I guess one well what I was talking about 144 or maybe 145? So your honor the solicitation itself was actually not part of the appendix. What we're looking at at page is 105. That's their quote. Oh sorry. So what's the contract in this case? So the contract is what's at pages 105. Sorry maybe that's what I meant. Yeah 105 to 143. Page 105 is the standard form 1449 and then there are the table of contents that go with it that goes all the way through page 143. That's the contract between the parts. And this has or at least incorporates the typical option your base year plus option year termination. Not you know you don't have to exercise it. It does your honor so on page so in your view if they had intended to incorporate their deviation from that FAR clause they would have had to put it in box 29. Yes and that's our view for a few reasons. The first reason is because the word that's used in box 29 does not mean incorporated. In fact we know that accepted is really somewhat of a misnomer in this case because FAR 13.004a tells us that the quote that be complained submitted is not an offer and therefore is not the kind of thing that the government can accept in order to form a binding contract between the parts. The second reason is because even that acceptance whatever that may mean was itself limited according to box 29 because box 29 says that the quote is accepted as two items but then it proceeds to list no particular items within the quote that were accepted by the government. And we agree with you Judge Hughes that if the government were to accept any particular items within the quote it had to say so expressly. So what we see at 105 through can I just clarify for the record do you think that price cost central on 145 is I didn't read the whole thing in detail is that incorporated by reference? I know the signatures are on page 144 but does the A1 price cost schedule go into this or is that something extraneous? So it looks to me that that may have been part of an amendment to the contract which is at page 144. Okay box oh I see that. I believe there is a reference to the particular price within the original contract as well. So we don't have to look at that 140, 140, 145. Right I don't think in your view let me let me clarify this one more time what we have at 105 through whatever page we're going to is the government's order in response to their offer and that's your offer they don't they don't offer you offer you order something under the price they gave you and if they accept it they sign it. That's exactly right your honor. And they're bound by the terms of solicitation unless it says something different in box 29. That's exactly right and according to FAR 13.004a that's exactly how FAR part 13 procurements work. The government does the offering by submitting a order in this case one created under standard form 1449 and that is the offer that the contractor can then accept and in fact did accept because we see them execute. What do we do with the fact that it seems like the contractor may have not completely understood what was going on here because they clearly offered this on the assumption that you would pick up the three option years. That was in their original quotation and then when you didn't put it in you know in the offer they emailed back and said oh no you got to incorporate this and it seems like they signed it on the assumption that you did. Right but what they asked the government to do in that email which I don't think the court needs to look at I think Judge Stoll you were exactly correct. The kind of extrinsic evidence that the court only looks at if there's an ambiguity. We don't think there's an ambiguity in box 29 but even if we look at that email Beacon Point asked the government to incorporate and use particular language of incorporation but the government did not do that. When the government sent back an SF-1449 that was ultimately executed by the parties there is no language of incorporation there. All it says is that the quote was accepted and because this is a FAR Part 13 procurement that accepted word does not mean incorporated. There are a few other points that I want to make. My friend on the other side the word doesn't mean it's incorporated but by attaching it to the award and sending it back doesn't is it that action rather than words that says it means the same thing? Not necessarily your honor we don't think that attaching something to an email that goes to the contractor is the same as express language of incorporation because look at the end of the day the reason this court has stringent rules for incorporation what the court articulated in Arthur Grumman and in virtually every incorporation case sense is that the court is looking for language that is expressed and clear so as to eliminate any ambiguity about incorporation. It has to be so expressed and so clear that incorporation becomes unambiguous and here not only do we lack this language but box 29 itself is riddled with ambiguity what the word accepted means is ambiguous why is the space after items blank that's ambiguous and that ambiguity is not resolved by simply the function of attaching the original quote which is not an offer to the email that forwarded the contract itself to the contractor. The other point I wanted to make is that my friend on the other side in their case is just like CSI Aviation in fact that's the primary support that they offer for this for their argument but this case is nothing like CSI Aviation. The contract in CSI Aviation expressly incorporated the terms and conditions that were proposed by CSI. It did so with language of incorporation because according to the contract those terms and conditions quote will apply to all operations end quote. We don't have this kind of express statement of incorporation in this case all we have is the word accepted which doesn't make much sense in a FAR part 13 procurement anyway. And what do you do with the argument about no magic words are required? Well certainly no magic words are required and we're not arguing that the word incorporated or some variation of it had to be used but there still has to be an express and clear expression of incorporation and that simply is not in the contract. And then the other reason why CSI doesn't apply is because CSI was also an SF 1449 contract but in that case box 29 was not checked and because it was not checked the contract there did not have language making acceptance subject to any additions or changes which are set forth herein which this case does because that's the language that appears in box 29. And that's a particularly salient part of box 29 because there is a term in this contract FAR 52.217-9 which expressly gives the government the option the discretion to exercise follow-on option years that is even if the court considers acceptance to be incorporation which we don't think it is and even if the court decides that that particular term and condition that requires the government to that required the government to exercise option years was in fact incorporated into the contract which we don't think it was that FAR provision 52.217-9 shows that at the very least there was a change that was put in place by the government and because there was that change the government could not have incorporated that part of Beacon Point's quote. Thank you. Mr. Hyland you have a little under three minutes left. Okay thank you now I'll try to be very brief. We can call it a counter offer fine we you know again I don't know that it matters who made the offer who did what have you the issue is there's no question that a contract was formed so offer acceptance what have you it doesn't matter what were the terms but let's call it a counter offer as the government does that's fine or they call it an offer here they've called it elsewhere counter offer same thing what are the terms of the counter offer what was accepted by Beacon Point? You go to the appendix of 174 to 176 and it could not be clearer. That is an email from them sending the new contract and it attaches. But the problem with that is if we look at the actual order sent out it said we're accepting your offer and if it and that offer included the regular FAR provision about option years and if it had intended to modify that wouldn't we expect to see that modification in box 29? Well you you do in a sense in that they reference it they reference the the quote which has that that language. I mean it's that's the whole incorporate as whole concept of incorporation. Is there then a I wouldn't even say a conflict are there then two two provisions that provide for different things? Yes. Can the option year the standard option year FAR be cabined or otherwise you know restricted or Yes this court held so in the Kirkshian case a few years ago. So the suggestion has to be that since it was in two different PDFs that were attached to the email that's not good enough. If it had been one PDF that's good enough but two PDFs isn't. That's that seems to be the suggestion because they would concede that if it was attached to the to the 1449 the quote that is were attached that would be indicate an indicator that it was that it's that is that it's incorporated. I mean I think isn't the the whole point of requiring in box 29 to for the variation to be listed to resolve this actual issue so that we don't have to start comparing line for line to see what the solicitation versus quote had and the quote's not binding the government has to figure it out. I mean I don't know that I think I think because of the parts of the quote that might be inconsistent with the the solicitation. Well I think box 29 is actually intended for contracts where the the supplier is the offeror and things but that that's neither here nor there. One point that I would like to address that counsel made is is that it was ambiguous. If that is so then it should be remanded I would suggest to the to the board to resolve the ambiguity. That would be the proper address. Thank you so much.